IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William D. Swaney, ) | Case No.: 2:22-cv-1294-JD-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Jonathan Nance, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 26.) Petitioner William D. Swaney ("Petitioner" or "Swaney"), proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 action against respondent Jonathan Nance ("Respondent" or "Nance") alleging ineffective assistance of counsel in violation of the 5th, 6th and 14th Amendments. (DE 1.)

On August 19, 2022, the Respondent filed a Return and Motion for Summary Judgment, alleging Swaney's petition should be dismissed because (1) Petitioner's petition is barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); (2) Petitioner cannot show he is entitled to equitable tolling; (3) Petitioner's sole ground for habeas relief is procedurally barred; and (4) Petitioner's sole ground for relief—ineffective assistance of counsel for failure to object to Petitioner's sentence—is meritless. (DE

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

17, pp. 1-2.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion.  (DE 19.)  Petitioner filed a response in opposition on October 13, 2022.  (DE 24.)  The Respondent filed a reply on October 19, 2022.  (DE 25.)

The Report was issued on January 24, 2023, and recommended granting Respondent's Motion for Summary Judgment and dismissing his petition.  (DE 26.)  The Report recommended that, among other things, "equitable tolling is not justified in this instance, and the petition should be dismissed as untimely[,]" and that there was "no error in the PCR court's evaluation of the merits of Petitioner's claim."  (DE 26, pp. 13, 18.)

Petitioner has not filed an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 26) and incorporates it herein.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 18) is granted and Petitioner's case is dismissed with prejudice.  Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 22, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3